## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

SEREFEX CORPORATION,

      Plaintiff,

v.                              Case No:   2:13-cv-356-FtM-29CM

ROBERT JONAS, KENNETH
SNYDER, SR., J.J. PIINI, JOHN
PIINI and DAVID D'ANZA,

      Defendants.

_____

### ORDER

Before the Court is Plaintiff's Renewed Motion for Extension of Time to Secure Local Counsel ("Motion) (Doc. 82), filed on March 7, 2014.   Counsel for Plaintiff requests an additional sixty (60) days, up to and including May 10, 2014, in which to secure local counsel and in which to become a member of the bar of this Court.   For the foregoing reasons, the Motion is due to be granted, but the Court cautions counsel that will not be inclined to grant additional relief beyond that permitted by this Order.

At the outset, the Court also notes that the Motion does not comply with the Middle District of Florida Local Rules ("Local Rules"), as it fails to include a certification reflecting that the parties have met and conferred prior to filing the Motion, as required by Local Rule 3.01(g).   However, Defendants have not filed an opposition to the Motion, and the time for doing so has now expired.   The Court will therefore treat the Motion as unopposed.   Moreover, this is counsel's third motion

for extension of time in which to secure local counsel, and despite the failure of the first two motions to include the Local Rule 3.01(g) certification, extensions were granted by the Court.

Counsel's Motion thus will not be denied on grounds that it failed to include the certification, but the Court reminds counsel that "[a]ny attorney who appears specially in this Court pursuant to subsections (a) or (b) of [Local Rule 2.02] shall be deemed to be familiar with, and shall be governed by" the Local Rules.   M.D. Fla. R. 2.02(c).   Thus, because Plaintiff's counsel was granted special admission pursuant to Local Rule 2.02(a) (Doc. 9), he is deemed familiar with the Local Rules and shall be governed thereby; any future requests for relief that do not comport with the Local Rules will therefore be stricken.

## I.   BACKGROUND

This case involves claims for, *inter alia*, breach of contract brought pursuant to the Court's diversity jurisdiction and arising out of a Judgment in excess of $11 million obtained by Plaintiff.   *See Serefex Corporation v. Hickman Holdings, LP, et al.*, No. 2:08-cv-692-FtM-29DNF.   Relevant to the instant Motion, Attorney Michael P. Marsalese of the Marsalese Law Group, PLLC ("counsel"), which maintains its office in Southfield, Michigan, sought special admission to practice before this Court pursuant to Local Rule 2.02(a).   Doc. 8.   As part of his request for special admission, counsel identified Matthew Belcastro of Henderson, Franklin, Starnes & Holt, P.A., as local co-counsel in this matter.   Doc. 8 at 1.   On May 31, 2013, the Court granted

counsel's motion and he was permitted to appear *pro hac vice* on behalf of Plaintiff. Doc. 9.

On October 7, 2013, local counsel filed a Motion to Withdraw as Counsel (Doc. 49), citing "irreconcilable differences" that he felt prevented him from providing effective representation.   Doc. 49 at 1.   Attorney Marsalese and counsel for Defendants filed responses (Docs. 50, 59) to the motion to withdraw and, on November 4, 2013, the Court granted the motion.   Doc. 62.   Because counsel was only admitted *pro hac vice*, the Court provided Plaintiff fourteen (14) days in which to retain new local counsel.   *Id.* at 3.   Counsel was therefore required to obtain new local counsel by November 18, 2013.

Counsel filed the first Motion for Extension of Time to Retain Local Counsel on November 15, 2013.   Doc. 68.   In support of the initial extension, counsel represented that he "has diligently sought to retain local counsel and has contacted several law firms" – including one of the same firms he identifies in the instant motion, which was filed nearly four months later.   *Id.* at 2.   Counsel also noted that, at the time he filed the first motion, he was "undertaking to become admitted as a member of this Federal District and has taken steps to be admitted," but anticipated the process would take up to 90 days.   *Id.*   Thus, counsel sought a 90 day extension – up to and including February 17, 2014 – in which to retain local counsel.   *Id.* at 3. The Court granted in part the motion for extension of time, permitting counsel an additional 30 days, or up to and including December 18, 2013, to secure local counsel. Doc. 71.

On January 3, 2014 – over two weeks *after* the date by which he was required to have secured local counsel – counsel filed his Second Motion for Extension of Time to Retain Local Counsel (Doc. 73).   In support of his second motion, counsel stated that he "has diligently sought to retain local counsel and has contacted several law firms . . . ."   *Id.* at 2.   Counsel again represented that he was taking steps to become a member of the Middle District of Florida bar, but had only been able to secure one of the two attorney sponsors required by Local Rule 2.01(b).   *Id.* at 3.   Still, counsel informed the Court that he "believes that he will be able to secure the second and final attorney to sponsor his application" but needed an additional sixty (60) days to do so.   *Id.*   By Endorsed Order, the Court granted counsel's request, providing up to and including March 10, 2014 to obtain local counsel.   Doc. 74.   Instead, on March 7, 2014, counsel filed the instant Motion.

II.   DISCUSSION

Rule 6, Federal Rules of Civil Procedure, provides that the Court may extend deadlines prior to their expiration for good cause.   Fed. R. Civ. P. 6(b)(1)(A).   It has now been nearly five months since original local counsel in this matter was permitted to withdraw, and over four months since counsel filed his first motion for extension of time to retain local counsel.   Docs. 62, 68.   Thus, even the 90 days counsel originally sought (and indicated would be sufficient time) to secure local counsel have elapsed.   *See* doc. 68.   Now, counsel seeks an additional sixty (60) days in which to secure local counsel and become a member of this Court.

Other than representing that he has "diligently" attempted to secure local counsel over the last five months, counsel does not describe his efforts to retain local counsel and obtain attorney sponsors, nor elaborate upon why he has not been able to meet any of the prior deadlines.   The Court thus questions whether there continues to be good cause to repeatedly grant extensions and prolong this litigation. *See Western Thrift and Loan Corp. v. Rucci*, No. 11-cv-3644 (JNE/TNL), 2012 WL 3113671, *1 (D. Minn. July 31, 2012) (noting magistrate judge's denial of a motion for extension of time to associate with local counsel upon counsel's letter "explain[ing] that he had 'contacted four local attorneys, but ha[d] not been able to find one willing to act as local counsel. . . .'").   Nevertheless, the Court will extend the deadline to secure local counsel for sixty (60) days.   The Court will not, however, absent extraordinary circumstances, entertain any further requests to extend the deadline.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Renewed Motion for Extension of Time to Secure Local Counsel (Doc. 82) is **GRANTED**.   Counsel for Plaintiff shall have **up to and including May 10, 2014** in which to obtain local counsel, who should file a Notice of appearance by that date.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record