UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEREFEX CORPORATION,

    Plaintiff,

v.                                  Case No: 2:13-cv-356-FtM-29CM

ROBERT JONAS, KENNETH SNYDER, SR., J.J. PIINI, Trustee for the J.J. Piini and E.L. Piini Revocable Trust, JOHN PIINI, Trustee for Piini Realty Profit Sharing Plan, and DAVID D'ANZA,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants James Piini and John Piini's Motion to Dismiss First Amended Complaint with Prejudice (Doc. #40) filed on September 11, 2013.[1] Plaintiff filed an Opposition to the Motion to Dismiss (Doc. #45) on September 25, 2013. Defendants Robert Jonas and Kenneth Snyder, Sr. filed a Motion to Dismiss Amended Complaint with Prejudice or for More Definite Statement (Doc. #42) on September 20, 2013, and plaintiff filed an Opposition to the Motion to Dismiss (Doc. #48)

---

[1] Defendant David D'Anza was permitted to join defendants James Piini and John Piini's Motion to Dismiss on November 25, 2013. (Doc. 72.)

on October 4, 2013. Defendant Robert Jonas filed an unopposed Motion to Supplement and Amend Motion to Dismiss (Doc. #52) on October 21, 2013. Also before the Court is Robert Jonas and Kenneth Snyder, Sr.'s Motion for Rule 11 Sanctions (Doc. #58) filed on October 24, 2013. Plaintiff and its undersigned counsel filed an Opposition to the Motion for Rule 11 Sanctions (Doc. #65) on November 7, 2013, and Matthew Belcastro and Henderson, Franklin, Starnes & Holt, P.A. filed a Response in Opposition to Robert Jonas and Kenneth Snyder, Sr.'s Motion for Rule 11 Sanctions (Doc. #70) on November 18, 2013.

## I.

On August 26, 2010, plaintiff Serefex Corporation (plaintiff or Serefex) obtained a Default Judgment against Chressian, LLC (Chressian), Hickman Holdings, LP (Hickman Holdings), and the D'Anza Family Trust (the "D'Anza Trust," and collectively with Chressian and Hickman Holdings, the "judgment debtors") in the case of Serefex Corporation v. Hickman Holdings, LP, Case No. 2:08-cv-692-FtM-29-DNF. (Doc. #39, ¶ 2.) The Default Judgment was based upon false and misleading information that the judgment debtors supplied Serefex during the due diligence period leading up to the execution of a Stock Exchange Agreement between Serefex and Hickman Holdings on October 20, 2007. Under the terms of the Stock Exchange Agreement, Hickman Holdings was required to exchange all of its issued and outstanding shares of WP Hickman

2

Systems, Inc.'s (WP Hickman Systems) capital stock in exchange for shares of Serefex's capital stock. Following the execution of the Stock Exchange Agreement, Serefex learned of the judgment debtors' material misrepresentations and omissions and determined that the shares of WP Hickman Systems' common stock were exchanged at an artificially inflated rate. (Id.)

Plaintiff now seeks to pierce the limited partnership veil of Hickman Holdings, a limited partnership, in order to secure payment of the $11,246,559 default judgment. (Id. ¶ 1.) The limited partners of Hickman Holdings, and defendants to this action, are Robert Jonas (Jonas); Kenneth Snyder, Sr. (Snyder); James Piini, as trustee for the J.J. Piini and E.L. Piini Revocable Trust; John Piini, as trustee for the Piini Realty Profit Sharing Plan; and David D'Anza (D'Anza). Plaintiff filed a six-count First Amended Complaint (Complaint) on August 29, 2013, asserting the following claims: (I) breach of contract[2]; (II) violations § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 as promulgated thereunder; (III) common law fraud; (IV) securities fraud under the Florida Securities and Investor Protection Act; (V) piercing the corporate veil under Florida law; and (VI) piercing the corporate veil under Ohio law.

---

[2]Count I is asserted against Chressian, Hickman Holdings, and the D'Anza Trust. These entities, however, are not parties to this action. Count I is therefore dismissed

3

Defendants assert that the Complaint should be dismissed in its entirety because plaintiff has failed to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure, and that Counts II, III, and IV should be dismissed with prejudice because they are barred by the applicable statutes of limitations. Jonas and Snyder also assert that they should be dismissed from the action because plaintiff released them from all liability prior to the commencement of this action. Further, Jonas and Snyder seek the imposition of Rule 11 sanctions because plaintiff and plaintiff's counsel knew that the claims were not supported in law or in fact.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

4

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

Rule 9(b) requires fraud allegations to be plead with particularity.  Fed. R. Civ. P. 9(b).  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "The particularity requirement of Rule 9(b) is satisfied if the complaint alleges

5

'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" United States ex rel. Matheny v. Medco Health Solutions, Inc., 671 F.3d 1217, 1222 (11th Cir. 2012) (quoting Hopper v. Solvay Pharms., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks and citations omitted)). Thus, it is sufficient to plead the who, what, when, where, and how of the allegedly false statements. Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted).

### III.

After reviewing the allegations in the Complaint, the Court finds that dismissal is warranted because plaintiff has failed to put defendants on notice as to the nature of the claims asserted against them. In Counts II-IV, plaintiff appears to assert that each defendant is directly liable for the misconduct identified in the claims, but in the prayer for relief plaintiff requests an Order piercing the limited partnership veil. The Court is unable to determine if plaintiff is attempting to recover based upon the individual conduct of defendants or through a piercing theory. The Court also finds that plaintiff's alter ego allegations are insufficient. In order to pierce the corporate veil of Hickman Holdings under Ohio law, plaintiff must allege that (1) defendants' control over Hickman Holdings was so complete that it had no

6

separate mind, will, or existence of its own, (2) the control was exercised in such a manner as to commit fraud or illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. Dombroski v. WellPoint, Inc., 895 N.E.2d 538, 543 (Ohio 2008) (citing Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos., 617 N.E.2d 1075, 1086 (Ohio 1993)).[3] Other than being limited partners, there are no allegations as to what each defendant did to justify breaching the limited partnership veil.

Additionally, plaintiff alleges that "Hickman Holdings control over WP Hickman Systems was so complete that Hickman Holdings has no separate existence of its own and to the general public." (Doc. #39, ¶¶ 193, 201.) This simply does not make legal or factual sense. Therefore, Counts II-VI will be dismissed without prejudice.

The Court will grant plaintiff leave to file a second amended complaint. If plaintiff decides to file an amended pleading, the

---

[3] Plaintiff may pierce the veil under Florida law if it establishes that: (1) the shareholder dominated and controlled the corporation to such extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008)).

7

Court recommends that it carefully review the complaint and the arguments raised in the pending motions before doing so. By doing so, plaintiff may eliminate the issues raised in the motions to dismiss.

**IV.**

Jonas and Snyder move for sanctions against plaintiff and plaintiff's counsel on the grounds that the claims in the First Amended Complaint are beyond the applicable statute of limitations period and that plaintiff, prior to initiating this action, waived and released Jonas and Snyder from any and all liability. Because the Court unable to address the merits of defendants' arguments due to the deficiencies in the Complaint, the Court will not entertain the motion for sanctions at this time. If appropriate, Jonas and Snyder may renew their motion for sanctions at a later time.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's First Amended Complaint (Doc. #39) is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.[4]

---

[4] Pursuant to the Court's Standing Order, the parties should submit to Chambers a courtesy copy of any document that exceeds twenty-five (25) pages. (Doc. #2.)

8

2. Defendants James Piini and John Piini's Motion to Dismiss First Amended Complaint with Prejudice (Doc. #40) is **DENIED as moot**.

3. Defendants Robert Jonas and Kenneth Snyder, Sr.'s Motion to Dismiss Amended Complaint with Prejudice or for More Definite Statement (Doc. #42) is **DENIED as moot**.

4. Defendant Robert Jonas' Motion to Supplement and Amend Motion to Dismiss (Doc. #52) is **DENIED as moot**.

5. Defendants Robert Jonas and Kenneth Snyder, Sr.'s Motion for Rule 11 Sanction (Doc. #58) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record
Pro se parties

9